UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID ALAN HUNTER, )
 )
     Petitioner, )
 )
v. ) No.   1:18-cv-00115
 ) REEVES/STEGER
GRADY PERRY, )
 )
     Respondent. )

**MEMORANDUM AND ORDER**

This is a pro se prisoner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court is Respondent's motion to waive filing of physical attachments and sealed record [Doc. 8] and motion to dismiss the petition as time-barred [Doc. 9]. Petitioner filed a response in opposition to the motion to dismiss [Doc. 13] and Respondent filed a reply [Doc. 16]. The Court will address these motions in turn.

**I.    MOTION TO DISMISS**

    **A.    FACTS AND PROCEDURAL BACKGROUND**

Petitioner was convicted by a Hamilton County Criminal Court jury of first-degree murder and attempted especially aggravated robbery, for which he received an effective sentence of life imprisonment. *State v. David A. Hunter*, E2010–01351–CCA–R3–CD, 2011 WL 1532086, at *1 (Tenn. Crim. App. April 20, 2011). The Tennessee Court of Criminal Appeals ("TCCA") affirmed his convictions on direct appeal, and on August 31, 2011, the Tennessee Supreme Court ("TSC") denied his application for permission to appeal. *Id*.

Petitioner subsequently filed a timely pro se petition for post-conviction relief on August 13, 2012. *Hunter v. State*, No. E201502177CCAR3PC, 2016 WL 7010564, at *5 (Tenn. Crim. App. Dec. 1, 2016). After filing an affidavit of indigency, the post-conviction court appointed counsel for Petitioner, who filed an amended petition for post-conviction relief. *Id*. Petitioner subsequently filed a second amendment to his petition for post-conviction relief. *Id*.

Following the hearing, the post-conviction court entered a written order deciding, *sua sponte*, that the petitioner should have an opportunity to clarify specific allegations. *Id*. The post-conviction court then ordered the hearing be reopened and set a hearing date. *Id*. At the conclusion of the second post-conviction hearing, the post-conviction court reserved ruling pending a review of the transcripts. *Id*. The post-conviction court subsequently entered an order dismissing the petition for post-conviction relief. *Id*. The TCCA affirmed the judgment of the post-conviction court, and on March 8, 2017, the TSC denied discretionary review. *Id*.

On May 29, 2018, Petitioner filed the instant § 2254 petition [Doc. 1]. In response, Respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 9]. Petitioner filed a reply arguing that he is entitled to equitable tolling of the statute of limitations [Doc. 13]. Respondent filed a sur-reply specifically addressing the issue of timeliness [Doc. 16]. This motion is now ripe for the Court's ruling.

**B.   ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of the four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by

2

the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Respondent contends that the petition, as submitted to the prison mailroom[1] on May 29, 2018, is time-barred by almost one year [Doc. 10].

To determine the timeliness of this petition, the Court first must determine the date Petitioner's conviction became final. The TCCA affirmed Petitioner's convictions on direct appeal, and the TSC denied permission to appeal on August 31, 2011. Ninety days later, on Wednesday, November 30, 2011, when the time expired for filing a petition for certiorari in the United States Supreme Court, *see* U.S. Sup. Ct. R. 13.1, Petitioner's conviction became final and, the next day, December 1, 2011, AEDPA's one-year clock began to run. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (finding that, for purpose of computing periods of time tied to § 2254's limitation statute, "the day of the act, event, or default from which the designated period of time begins to run shall not be included") (citing to Fed. R. Civ. P. 6(a)). Accordingly, for purposes of § 2244(d)(1)(A), the time for filing this § 2254 petition would have ended on December 1, 2012.

As noted, the limitations statute is tolled while a properly filed state petition for post-conviction or for other collateral relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner submitted a state petition for a writ of habeas corpus on August 13, 2012, two hundred and fifty-seven (257)

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in federal courts. *Cook v. Steall*, 295 F.3d 517, 521 (6th Cir. 2001).

3

days from December 1, 2011, the date the AEDPA's one-year clock starting to run. The clock remained stopped throughout this post-conviction proceeding.

On December 1, 2016, the TCCA dismissed Petitioner's appeal from the post-conviction court's order dismissing his post-conviction petition. The AEDPA clock resumed on Thursday, March 9, 2017, the day after the TSC denied Petitioner permission to appeal, with one hundred and eight (108) days remaining in the limitations period, i.e. up to and including Monday, June 26, 2017.[2] *DiCenzi v. Rose*, 452 F.3d 465, 468-469 (6th Cir. 2006) (When the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew.). Thus, the final day for Petitioner to file a habeas petition in this Court was June 26, 2017.

However, Petitioner filed the instant petition on May 29, 2018, around eleven months after his one-year limitations period expired. As such, the instant federal habeas corpus petition [Doc. 1] is untimely under 28 U.S.C. § 2244(d)(1) and must be dismissed unless Petitioner is entitled to equitably tolling.

### C. EQUITABLE TOLLING

Petitioner does not deny his habeas petition was untimely filed. Instead, he seeks to excuse his late filing on the grounds that his post-conviction appellate counsel failed to timely notify him about the denial of his discretionary review application, thus preventing him from timely filing his petition [Doc. 13].

Indeed, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to

---

[2] Though the limitations period officially expired on Saturday, June 24, 2017, Petitioner had two extra days added to the statute of limitations because the final day fell on a Saturday. *See*, Fed. R. Civ. P. 6(a)(1)(C) (stating that, if the last day of the period is a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a legal holiday).

4

equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether the petitioner shows that he has been diligent in pursuing his rights and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day"). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*. The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Moreover, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotation marks omitted).

Petitioner claims that he "had no knowledge that the [TSC] had made a final ruling on the case" [Doc. 13 p. 6]. Petitioner alleges that he wrote a letter to his attorney inquiring about the status of his case, but does not provide a date he sent that letter [*Id*. at 7]. Petitioner states that on October 23, 2017, his attorney responded to his letter and notified him of the TSC's denial of discretionary review [*Id*.].

After review of the record, this Court finds that Petitioner failed to exercise reasonable diligence. Although the diligence required for equitable tolling purposes is "'reasonable diligence,' not 'maximum feasible diligence,'" *Holland,* 130 S.Ct. at 2565 (internal citations omitted), petitioners who receive delayed notification of a state court judgment due to clerical or

attorney errors may not seek equitable tolling if they "passively await decision." *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). The fact that Petitioner's attorney failed to timely send him notice of the denial of his appeal does not entitle him to equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89, 96, (1990)) ("To be certain, the principles of equitable tolling do not extend to 'garden variety' claims of excusable neglect on the part of a litigant's attorney."); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)) ("[Petitioner] fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. We have stated that '[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.'").

Furthermore, although Petitioner does not state when he wrote his letter to his post-conviction attorney inquiring about the status of his case, after receiving notice from his post-conviction attorney in October 2017 that discretionary review was denied, Petitioner failed to take prompt action by waiting to file his habeas petition until June 2018. Under the circumstances, the Court finds that Petitioner has not demonstrated due diligence in protecting his rights and thus is not entitled to equitable tolling. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1412 (9th Cir. 1986) ("A party has an independent duty to keep informed [as to his status of his case.]"); *see also Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

Accordingly, the Court finds Petitioner's habeas petition is barred by the statute of limitations.

## II. MOTION TO WAIVE FILING OF PHYSICAL ATTACHMENTS AND SEALED RECORD

Based on the above finding that Petitioner's habeas corpus petition is barred by the statute of limitation and the motion to dismiss will be granted for that reason, Respondent's motion to waive filing or physical attachments and sealed record [Doc. 8] will be **GRANTED** as this material is now irrelevant to the disposition of Petitioner's habeas petition.

## III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. When a district court denies a habeas petition on a procedural basis without reaching the merits of the underlying claim(s), a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017).

In this case, reasonable jurists would not debate the correctness of the Court's decision that Petitioner is not entitled to equitable tolling of the statute of limitations and to dismiss the § 2254 petition as time-barred. Accordingly, the Court will **DENY** issuance of a COA and **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), 24(a)(1), 24(a)(4).

## IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to waive filing of physical attachments and sealed record [Doc. 8] will be **GRANTED**;

2. Respondent's motion to dismiss [Doc. 9] will be **GRANTED**;

3. This action will be **DISMISSED**;

4. No COA shall issue; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**